FRANK KUTILEK, ET. AL.,      )
                                   )
     **Plaintiff,**         )
                                   )
     **vs.**              )        **Case No. 4:05CV1906SNL**
                                   )
**UNION PACIFIC RAILROAD,**     )
**STEVE HEIDENREICH, CRAIG**     )
**CRAMER, and NATIONAL RAILROAD**  )
**PASSENGER CORP.**[1]         )
                                   )
     **Defendants.**       )

## MEMORANDUM AND ORDER

Plaintiffs, the parents of decedent Christopher W. Kutilek, originally filed this personal injury action in the Circuit Court for the City of St. Louis seeking recovery for the death of their son in a railroad crossing accident. On or about October 19, 2005 this cause of action was removed to federal court by defendants whereupon it was assigned to this Court. Plaintiffs' suit arises out of claims for wrongful death, negligence, and loss of consortium against all defendants and seeks punitive damages against defendant Union Pacific Railroad (hereinafter referred to as UPR). This matter is before the Court on defendant Cramer's motion to dismiss Count IV pursuant to Rule 12(c) Federal Rules of Civil Procedure (#24), filed December 9, 2005. Responsive pleadings have been filed.

Although defendant Cramer has titled the instant motion as a Rule 12(c) motion to dismiss[2]; it now avers that it did so out of error and that the instant motion is actually a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The Court will give defendant Cramer the benefit of the doubt (being that this "mistake" was uncovered in replying to the plaintiffs' well-taken point that a Rule 12(c) motion would be

---

[1]Defendant National Railroad Passenger Corp. has since been dismissed by the plaintiffs from this cause of action.

[2]There is no such thing as a Rule 12(c) "motion to dismiss"; a Rule 12(c) motion is a "motion for judgment on the pleadings".

premature at this point in the litigation) and address the instant motion as a Rule 12(b)(6) motion to dismiss. Furthermore, contrary to the plaintiffs' assertions, as a Rule 12(b)(6) motion, it is timely and can be considered by the Court.

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Conley v. Gibson, 355 U.S. 41, 45-46(1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The court must accept the allegations in the complaint as true and draw reasonable inferences in favor of the nonmoving party, dismissing the complaint only if "it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, *supra*, 355 U.S. at 45-46; *see also*, Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005). "Although the pleading standard is liberal, the plaintiff must allege facts -- not mere legal conclusions -- that, if true, would support the existence of the claimed torts. Moses.com, at 1062 *citing* Schaller Tel.Co. v. Golden Sky Sys., 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982). With this standard in mind, this Court turns to an examination of the plaintiff's complaint.

Plaintiffs allege that decedent Christopher Kutilek, while crossing railroad tracks in Hermann, Missouri, was struck by a Union Pacific train and killed. They further allege that defendant Cramer received a permit from the City of Hermann, Missouri for a public festival ("Octoberfest") and in doing so, erected a "beer tent" that was "adjacent" to the railroad tracks in Riverfront Park. Plaintiffs' Complaint, Count IV. They make the following claims of negligence against defendant Cramer:

> "4. The death of Christopher W. Kutilek was a direct result
> of the negligence of Craig Cramer in the following respects:
>
> > a. He established a beer tent in Riverfront Park knowing
> > that persons would have to cross the tracks and thereby

have the possibility of getting struck while going from the festival on one side of the tracks to the beer tent on the other side;

b.  He hired a band to play at the beer tent, thereby making it difficult for persons walking across the tracks to hear or be made aware of approaching trains;

c.  He created an ultra hazardous condition by placing the beer tent next to the tracks causing persons to frequently cross the tracks and hang out by the tracks during the Octoberfest festivities; and

d.  He failed to notify the railroad of the beer tent and the Octoberfest festivities so that adequate protections could be made to pedestrians around the tracks.

Plaintiffs' complaint, Count IV.

Defendant Cramer contends that he did not owe a duty to decedent and that the existence of the beer tent nor its location was the proximate cause of Christopher's death.  Plaintiffs contend that they do not have to plead any interaction or relationship between their son and the defendant or that Christopher had been a patron of the beer tent prior to his death.[3]  Their negligence claim asserts a duty arising solely from the location of the beer tent; ie. ". . . that Plaintiffs' Petition is not alleging that Defendant Cramer was negligent in personally supplying alcohol to the decedent but, rather, the Petition is alleging negligence against Cramer in his selection of the location of the beer tent." Plaintiffs' Response (#25), pg. 9.  Defendant Cramer counters that plaintiffs have failed to allege any acts or omissions constituting the proximate cause of Christopher's fatal injuries.  Defendant Cramer argues that the mere location of his beer tent cannot give rise to a duty to protect any individual from oncoming trains.

Under Missouri law[4], in order to establish a claim for negligence, the plaintiffs must prove that 1) the defendant owed a duty of care to the decedent; 2) the defendant breached that duty; 3) the breach was the cause in fact and the proximate cause of the decedent's death; and 4) as a result of

---

[3]Whether or not Christopher was intoxicated at the time of his death is neither an issue presently before the Court nor is it an issue germane to the matter at hand.

[4]Although the issue of diversity jurisdiction has been raised in the plaintiffs' separate motion to remand, the parties do not dispute that Missouri law governs; thus, the Court will apply Missouri law.

the breach, the plaintiffs suffered damages.  Heffernan v. Reinhold, 73 F.3d. 659, 664 (Mo.App.

2002); *see also,* L.A.C. v. Ward Parkway Shopping Center Co., L.P., 75 S.W.3d. 247, 257 (Mo.

2002); Cupp v. National Railroad Passenger Corp., 138 S.W.3d. 766, 771 (Mo.App. 2004).  The

existence of a duty is a question of law:

> "`Whether a duty exists is purely a question of law.'  `The
> touchstone for the creation of a duty is foreseeability.'  `A
> duty of care arises out of circumstances in which there is a
> foreseeable likelihood that particular acts or omissions will
> cause harm or injury.'  `Where the existence of a duty is
> established, however, it is not one to protect against every
> possible injury which might occur.'  `Rather, it is generally
> measured by whether or not a reasonably prudent person would
> have anticipated danger and provided against it.'"

L.A.C. , at 257 (internal citations omitted).  Defendant Cramer appears to argue that he owed no duty

to the decedent because no "special relationship" had been established; i.e. plaintiffs did not plead that

decedent had been a business invitee of defendant and/or had ingested alcoholic beverages at

defendant's beer tent prior to the accident.  However, this failure to plead a special relationship is not

fatal to the plaintiffs' claim because a duty can still arise under traditional principles of negligence

when no special relationship exists.  As stated before, a duty of care can arise out of circumstances

in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury.

Cupp, at 772.  Plaintiffs contend that by locating a beer tent adjacent to railroad tracks, defendant

Cramer should have anticipated that persons (intoxicated or not) would attempt to cross the railroad

tracks to reach the tent.

   After careful consideration of this theory, the Court rejects same.  It is extremely tenuous to

expect the owner or possessor of a premises to anticipate that alleged patrons[5] will choose a

particular path or means of transport to and from the subject premises.  To impose such a duty based

upon location only would chill the development of business enterprises.  Such a duty would subject,

for example, a restaurant owner to liability for having a restaurant on a well-traveled street which

patrons might cross to enter the establishment.  Not only would the restaurant owner have to

---

[5]The Court must assume that the decedent was a patron of the beer tent prior to the
accident although the plaintiffs fail to plead this in their complaint.  The failure to plead some
connection between the decedent and the existence of the beer tent further supports the Court's
determination that no duty arises from the mere location of the beer tent.

anticipate the patron's exercise of due care in crossing, but also the exercise of due care for every car driving along that street. "It is not negligence to fail to anticipate that another will be negligent for one is entitled to assume and act upon the assumption that others will exercise due care for their own safety, in the absence of notice to the contrary." Heffernan, at 665 *quoting* Buck v. Union Electric Co., 887 S.W.2d 430, 434035 (Mo.App. 1994).

Even if the plaintiffs were able to establish a duty of care owed by defendant Cramer to the decedent, they are still unable to demonstrate the necessary causal connection to establish negligence.

To establish a causal connection between the alleged negligent act and the injury, plaintiffs must show both causation in fact and proximate cause. Heffernan, at 664 *citing* Robinson v. Missouri State Highway and Transp. Com'n, 24 S.W.3d. 67, 77 (Mo.App. 2000); Payne v. City of St. Joseph, 135 S.W.3d. 444, 450 (Mo.App. 2004). A defendant's conduct is the cause in fact of a plaintiff's injuries where the injuries would not have occurred "but for" that conduct. Heffernan, at 664; Payne, at 450.

On the other hand, proximate cause is not causation in fact, "but is a limitation the law imposes upon the right to recover for the consequences of a negligent act." Heffernan, at 664 *citing* Robinson, at 77. The test for proximate cause is whether the negligent act is an "efficient cause which sets in motion the chain of circumstances leading to the plaintiffs' damages." Payne, at 450-51 (internal citation omitted).

> "The requirement of proving proximate cause absolves those actors whom it would be unfair to punish because of the attenuated relation which their conduct bears to the plaintiff's injuries. Thus, proximate cause requires something in addition to a `but for' causation test because the `but for' causation test serves only to exclude items that are not causal in fact; proximate cause will include `items that are causal in fact but that would be unreasonable to base liability upon because they are too far removed from the ultimate injury or damage.'"

Heffernan, at 664 *quoting* Robinson, at 77-78. "Proximate cause, therefore, is determined by looking back, after the occurrence, and examining whether the injury appears to be a reasonable and probable consequence of the conduct. Heffernan, at 665 *citing* Robinson, at 78. Proximate cause is a question of law for the trial court. Payne, at 450. Finally, evidence of causation must be based on probative facts, not on mere speculation or conjecture. Payne, at 450.

Plaintiffs contend that defendant Cramer's location of the beer tent and his decision to have a band play at the beer tent combined with the alleged negligence of the train operation resulted in their son's injuries. This is the epitome of an "attenuated relation" between defendant Cramer's "conduct" and Christopher's death. Plaintiffs do not plead that Christopher ever patronized the beer tent nor that he was crossing the railroad tracks upon leaving the beer tent. They do not allege that he failed to hear the oncoming train because of the band playing or that a band was playing at all at the time of the accident. The only acts alleged against defendant Cramer is that he erected a beer tent, pursuant to a city permit, in Hermann, Missouri's Riverfront Park during the city's Octoberfest festival, "near" railroad tracks, that "he hired a band to play at the beer tent", and that these acts were the direct cause of decedent's death.

The plaintiffs' allegations against defendant Cramer are not based on probative facts but at best are mere speculation or conjecture. Based upon the allegations of their complaint, the only probative fact alleged which could be found by any jury to be the proximate cause of Christopher's death is that he was struck by an oncoming Union Pacific train while crossing the railroad tracks. Although, ordinarily the question of causation is for the jury, proximate cause is a question of law for the trial court. Here, based upon the allegations of the complaint there is nothing from which a jury could reasonably infer that the location of the beer tent and hiring a band was the proximate cause of decedent's death.

In light of the above findings by this Court, the Court will grant defendant Cramer's motion to dismiss Count IV of the plaintiffs' complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Cramer's motion to dismiss Count IV (#24) be and is **GRANTED.** Count IV of the plaintiffs' complaint is dismissed in its entirety and defendant Cramer is dismissed from this cause of action.

Dated this   29th   day of September, 2006.

SENIOR UNITED STATES DISTRICT JUDGE