# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **FRANK KUTILEK, ET. AL.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:05CV1906SNL** |
| | ) | |
| **UNION PACIFIC RAILROAD CO.,** | ) | |
| **STEVE HEIDENREICH, CRAIG** | ) | |
| **CRAMER, and NATIONAL RAILROAD** | ) | |
| **PASSENGER CORP[1].,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Plaintiffs, the parents of decendent Christopher Kutilek, originally filed this personal injury action in the Circuit Court for the City of St. Louis. The lawsuit seeks recovery pursuant to claims of wrongful death, negligence and loss of consortium against all defendants, and further seeks punitive damages against defendant Union Pacific Railroad. On or about October 19, 2005 this case was removed to federal court and assigned to this Court. This matter is before the Court on the plaintiffs' motion to remand (#19), filed November 18, 2005. Extensive responsive pleadings have been filed and the matter is now ripe for disposition.

The defendants removed this case to federal court on the grounds that 1) defendants Heidenreich and Cramer were fraudulently joined in order to destroy diversity jurisdiction; 2) that the federal courts have jurisdiction of this case, pursuant to 28 U.S.C. §1349, because the United States owns more than one-half of the capital stock of defendant National Railroad Passenger

---

[1]National Railroad Passenger Corp. has since been dismissed by plaintiffs from this litigation.

Corp.[2]; and/or 3) the plaintiffs' claims are completely preempted by federal legislation; i.e., the Federal Railroad Safety Act (FRSA), 49 U.S.C. 20101 *et. seq.*

Before addressing the instant motion, there are a few preliminary matters to address. Firstly, the plaintiffs voluntarily dismissed Amtrak from this litigation and although it was a defendant at the time of removal, the applicability of §1349 is essentially moot. Secondly, in two (2) recent companion orders, this Court has dismissed defendants Heidenreich and Cramer from this litigation; thus, again, the issue of diversity jurisdiction and fraudulent joinder is essentially moot. Therefore, the Court will concentrate it analysis on the issue of federal question jurisdiction as to the remaining defendant, Union Pacific Railroad (hereinafter referred to as UPR).

Plaintiffs have brought this lawsuit against defendant UPR for wrongful death, negligence and loss of consortium, as well as a claim for punitive damages, in connection with the railroad crossing death of their son Christopher Kutilek. Specifically, the plaintiffs allege:

> a. The railroad failed to issue sufficient slow order to protect the population in and around the railroad crossing in Hermann, Missouri during the Octoberfest celebrations that were going on around the railroad tracks in October 2002;
>
> b. the engineer who was working in the course and scope of his employment with the railroad, Randall S. Durham, failed to slow to a safe speed when going through Hermann even though he knew of the dangerous situation;
>
> c. the operators of the Union Pacific train failed to provide adequate signaling, including bell ringing, horn blowing and light flashing of their approach to the Hermann area;
>
> d. the Union Pacific failed to equip its locomotive with an osculating light that would be more noticeable to the pedestrian public; and

---

[2]Defendant National Railroad Passenger Corp. is commonly called "Amtrak".

      e.  the situation in Hermann during the Octoberfest created a
      local hazard that the railroad did not abate.

Plaintiffs' Complaint, Count I.  Plaintiffs' claims are solely grounded in state statutory and/or state

common law.  No federal statutes or federal regulations are set forth as grounds for any of the

claims in the plaintiffs' complaint, especially as to defendant UPR.

The plaintiffs assert that their claims regarding the alleged negligence of UPR are not

subject to preemption under the FRSA.  Defendant UPR argues that recent Eighth Circuit and

Eastern District of Missouri opinions mandate preemption of the plaintiffs' negligence claims.

A state court action may be properly removed to federal court only if the case falls within

the original jurisdiction  of the federal courts.  28 U.S.C. §1441(a).  If the basis for removal is

federal question jurisdiction, the case may be removed without reference to the citizenship of the

parties; however, where removal is based upon diversity of citizenship, the case is removable only

if none of the defendants is a citizen of the forum state.  28 U.S.C. §1441(b).

Section 1331 confers original jurisdiction to the federal district courts "of all civil actions

arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Jurisdiction "founded on a claim or right arising under the Constitution, treaties or laws of the

United States" is known as federal question jurisdiction.  28 U.S.C. §1441(b).  The absence of a

finding of federal jurisdiction requires the removed case to be remanded to state court.  Steel Co.

v. Citizens for a Better Environment, 523 U.S. 83, 96 (1998).  In the Eighth Circuit, "all doubts

about federal jurisdiction [must be resolved] in favor of remand."  Transit Cas. Co. v. Certain

Underwriters at Lloyd's of London, 119 F.3d. 619, 625 (8th Cir. 1997).

Removal based upon federal question jurisdiction is proper only if the claim asserting a

federal question appears on the face of the plaintiff's properly pleaded complaint.  "The judicially

created well-pleaded complaint rule states that the basis of federal jurisdiction must appear on the

face of the plaintiff's complaint and that removal to federal court is improper if federal jurisdiction is premised solely upon a plaintiff's allegation of an anticipated defense or upon a defendant's responsive pleading." Reding v. Federal Deposit Insurance Corp., 942 F.2d. 1254, 1257 (8th Cir. 1991)(citations omitted); *see also*, Rivet v. Regions Bank of Louisiana, et. al., 522 U.S. 470, 475 (1998); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Gore v. T.W.A., 210 F.3d. 944, 948 (8th C. 2000); In Re Otter Tail Power Co., 116 F.3d. 1207, 1213 (8th Cir. 1997). Thus, a state court action is not removable where the federal question arises in the context of a defense, even if the defense is that the state claim is preempted by federal law. Rivet, 522 U.S. at 475; Gore, at 948-49; Otter Tail, at 1213 (citations omitted). The "well-pleaded complaint" rule makes the plaintiff "the master of the claim . . .". Caterpillar, 482 U.S. at 395.

However, a plaintiff's characterization of a claim as based solely upon state law is not dispositive of the issue as to whether federal jurisdiction exists. Peters v. Union Pacific R.R. Co., 80 F.3d. 257, 260 (8th Cir. 1996). A plaintiff cannot thwart the removal of a case by inadvertently, mistakenly, or fraudulently concealing the federal question with "artful pleading" of the federal cause of action in state law terms. *See,* Rivet, 522 U.S. at 475; Gore, at 950; State of Minnesota by Attorney General Mike Hatch v. WorldCom, Inc., 125 F.Supp.2d. 365, 373 (D.Minn.2000).

Hand-in-hand with the "artful pleading" doctrine exists a narrow exception to the "well-pleaded complaint" rule. An independent corollary to the well-pleaded complaint rules is known as the "complete preemption doctrine". In instances where the preemptive force of the federal law is so clearly and strongly stated with respect to an area of state law, so "extraordinary", the state law claim is considered to be a federal claim from its inception and therefore, arising under federal law, making removal proper. Caterpillar, Inc., 482 U.S. at 392-93; Metropolitan Life Ins. Co. v.

Taylor, 481 U.S. 58, 63-64 (1987); Gore, at 948-49; Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d. 536, 543 (8th Cir. 1996); Peters, at 260 (citations omitted). The complete preemption doctrine applies only when a federal statute possesses "extraordinary" preemptive power, which the courts are reluctant to find exists. Magee v. Exxon Corp., 135 F.3d. 599, 601-02 (8th Cir. 1998)(citations omitted). Instances wherein federal law so completely preempts state law so as to support removal are rare; in fact, there have been only a handful of federal statutes found to have this "extraordinary" preemptive force warranting removal of any "well-pleaded" state-law claim; e.g. the Labor Relations Management Act (LMRA), 29 U.S.C. §185(a); the Employees Retirement Income Security Act (ERISA), 29 U.S.C. §1001 *et. seq.* The Eighth Circuit has heeded the cautionary advice of Justice Brennan, in his Metropolitan Life Ins. Co. concurrence[3], when stating that "[C]ongressional intent is the touchstone of the complete preemption analysis. We must determine whether Congress has clearly manifested an intent to make a cause of action pleaded under state law removable to federal court, *see Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. at 1547-48, mindful that in the ordinary case federal preemption is merely a defense to a plaintiff's lawsuit, *see id.* at 63, 107 S.Ct. at 1546." Magee, at 601-02; *see also*, Casino Resource Corp. v. Harrah's Entertainment, Inc., 243 F.3d. 435, 438 (8th Cir. 2001)(reiterating that

---

[3]"While I join in the Court's opinion, I note that our decision should not be interpreted as adopting a broad rule that *any* defense premised on congressional intent to pre-empt state law is sufficient to establish removal jurisdiction. The Court holds only that removal jurisdiction exists when, as here, "Congress has *clearly* manifested an intent to make causes of action . . . *removable to federal court*." In future cases involving other statutes, the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court." Metropolitan Life Ins. Co., 481 U.S. at 67-68 (Brennan, J., concurring).

"Congressional intent is the touchstone of the complete preemption analysis" when reviewing the preemptive effect of the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §2701 *et. seq.*).[4]

Not only do the doctrines of "artful pleading" and "complete preemption" compliment each other, but courts have found that in most cases they are so intertwined in the defendant's argument that they appear to raise the same question:  are the plaintiff's claims so "completely preempted" that the only way to avoid removal due to federal question jurisdiction is through the "artful pleading" of the state-law claim? Thus, these courts have viewed "complete preemption" as a prerequisite to the application of the "artful pleading doctrine". *See,* Rivet, 522 U.S. at 475 ("The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim"); Braco v. MCI WorldCom Communications, Inc., 138 F.Supp.2d. 1260, 1268, n.10 (C.D.Calif. 2001); Crump v. WorldCom, INC., 128 F.Supp.2d. 549, 559-60 (W.D.Tenn. 2001)(recognizing that the "artful pleading doctrine" in practice is subsumed by the "complete preemption doctrine"); Minnesota by Hatch, at 373.

The instant lawsuit presents the common situation wherein a federal issue is alleged to be involved in a state cause of action.  In Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), the United States Supreme Court held that if Congress did not create a private remedy for violation of the federal statute referenced in a plaintiff's complaint, the need to interpret or apply that federal statute to determine the merits of a state-law claim is insufficient to

---

[4]It is important in the analysis of the instant remand motion to keep in mind that two types of preemption exist:  ordinary preemption and complete preemption. Ordinary preemption affords an affirmative defense in state court, it does not provide a basis for removal. "Complete preemption is to be distinguished from ordinary preemption, which is a defense that may be raised in state court but is not a proper basis for removal." Crump, at 554; *see also,* Braco, at 1269. "Federal-question jurisdiction is not created by a federal defense, including the defense of preemption, even if the defense is the only contested issue in the case." Magee, at 601 *citing* Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983).

confer federal question jurisdiction. <u>Merrill Dow</u>, 478 U.S. at 811-13. More recently, the United States Supreme Court revisited the issue of federal question jurisdiction. In <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 125 S.Ct. 2363 (2005), the Supreme Court held that lack of a private right of action under federal law does not divest the court of federal jurisdiction when a state law claim contains a disputed and substantial question of federal law, so long as the federal and state balance is not disturbed. It noted that no single precise test existed for jurisdiction over federal issues embedded in state-law claims. It further recognized the fact that a court cannot refuse jurisdiction over a plaintiff's claims "simply because they appear in state raimant"; however, "federal issue" is not a buzzword for federal question jurisdiction whenever a state action embraces a federal point of law. <u>Grable</u>, 125 U.S. at 2368. "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" <u>Grable</u>, 125 S.Ct. at 2368. Thus, under the <u>Grable</u> standard, a reviewing court's analysis must be based on whether there is a disputed and substantial question of federal law **and** whether exercising federal jurisdiction would disturb the delicate balance between federal and state judicial responsibilities.

Defendant contends that a <u>Merrill Dow</u>/<u>Grable</u> analysis is unnecessary because the plaintiff's claims are "completely preempted" under the recent cases of <u>Lundeen, et. al. v. Canadian Pacific Railway Co., et. al.</u>, 447 F.3d. 606 (8th Cir. 2006) and <u>Gillenwater v. Burlington Northern and Santa Fe Railway Co., et. al.</u>, 435 F.Supp.2d. 959 (E.D.Mo. 2006). The Court has carefully reviewed both of these cases and finds that neither is controlling in the instant matter.

In <u>Lundeen</u>, *supra.*, a freight train derailment case, the plaintiffs asserted that the defendant railroad company had negligently inspected railroad tracks. The Eighth Circuit looked

to the FRSA and the extent to which relevant regulations adopted pursuant to it addressed

negligent track inspections.  After reviewing the FSRA and three (3) other previous Eighth Circuit

FRSA complete preemption cases[5], the Court found that the Lundeens' claims were completely

preempted.  It reasoned that the Lundeens' claims were akin to the situations present in Chapman,

*supra.* and In re Derailment Cases, *supra.* wherein complete preemption was held to exist.

> "In *Peters* we found complete preemption: `Congress has
> expressly preempted state laws affecting railroad safety
> where the Secretary of Transportation has promulgated
> regulations,' as confirmed by "[t]he FRSA regulations
> explicitly set[ting] out a comprehensive administrative
> adjudication system for handling certification disputes,'
> which `directly apply to Peters' [state law] conversion
> claim.'  80 F.3d. at 262.  Thus, we held `[a]ny issue raised
> in this area is a federal issue justifying removal.'  In
> *Chapman*, however, we found no preemption as to common-
> law claims arising from alleged deficient performance in the
> drug-testing process because `the applicable statute and
> regulations concerning drug testing do not establish an
> intent to preempt the substantive common law at issue', where
> the FRA's drug testing regulations included an anti-waiver
> provision. 390 F.3d. at 628-29. Because we found no preemption,
> we reasoned there was no complete preemption."

Londeen, at 612-13 *quoting* Chapman, *supra.* and Peters, *supra.*  Noting that the FRSA

preemption clauses were substantially identical in both Chapman and Peters, the Court further

reasoned that the different outcomes could be explained by looking first at the Secretary of

Transportation's regulations "covering the subject matter of the State Requirement" and then any

given regulation's solicitude for state law.  Londeen, at 613.  When reviewing the Londeens'

claims, the Eighth Circuit found that the "FRSA track inspection regulations lack the solicitude

for state law demonstrated by the anti-waiver clause in *Chapman*."  Londeen, at 613-14.  Going

---

[5]In re Derailment Cases, 416 F.3d. 787 (8th Cir. 2005); Chapman v. Lab One, 390 F.3d.
620 (8th Cir. 2004) and Peters v. Union Pac. R.R., 80 F.3d. 257 (8th Cir. 1996).

further, the Court revisited its analysis in the In re Derailment Cases, *supra.* wherein it found that

the regulations [regarding railroad freight car inspections] were intended to prevent negligent

inspection through very specific directives and that there was no indication that the "FRA meant

to leave open a state tort cause of action to deter negligent inspection . . .". Londeen, at 614.

Applying the In re Derailment Cases analysis, the Court found that "[i]t is clear the FRA

regulations are intended to prevent negligent track inspection and there is no indication the FRA

meant to leave open a state law cause of action." Londeen, at 614. Thus, the Londeens'

negligent track inspection claims were completely preempted and the district court had subject-

matter jurisdiction. Londeen, at 615.

In Gillenwater, *supra.*, the District Court held Londeen applicable because "[t]he Eighth

Circuit found that there were FRA regulations that governed track inspection, and because there

was no savings clause associated with those regulations, that the FRSA completely preempted the

state cause of action. Similarly, Gillenwater alleges various safety violations under state law that

are also governed by the FRA regulations. As a result, Gillenwater's claims are completely

preempted by the FRA regulations . . .". Gillenwater, at 960-61 (internal citations omitted).

While Gillenwater's claims are completely preempted by the FRA regulations, the facts in

this case suggest the Londeen decision should be applied to preempt some claims and not others.

The result will be similar in both cases, as set out later.

The Eighth Circuit went to great lengths to distinguish the regulations at issue in Peters,

Chapman, and the In re Derailment Cases and their relationship with the state claims present in

each case. The Londeen case does not stand for the proposition that the mere reference to a

federal statute in a state law complaint is enough to confer federal jurisdiction. To do so would

be to reject the holdings of Merrill Dow and Grable. Cases holding that federal regulations under

the FRSA preempted state law claims are very specific as to the nature of the claims involved; e.g., <u>CSX Transportation v. Easterwood</u>, 507 U.S. 658 (1993)(excessive speed of train); <u>In re Derailment Cases</u>, *supra.*(negligent inspection of freight railroad cars); <u>Elrod v. Burlington Northern Railroad Co.</u>, 68 F.3d. 241 (8th Cir. 1995)(inadequacy of warning devices at railroad crossing wherein said devices were federally funded and federally approved and were fully installed and operating at time of collision); <u>Mehl v. Canadian Pacific Railway, Ltd.</u>, 417 F.Supp.2d. 1104 (D.N.D. 2006)(negligent inspection of freight railroad cars, negligent training of inspectors, negligent emergency braking, negligent construction and maintenance of railroad freight cars; excessive speed of train; negligent handling of hazardous materials); <u>Kalen Enterprises v. BNSF Railway Co.</u>, 415 F.Supp.2d. 977 (D.Minn. 2006)(excessive speed of train, negligent emergency braking, negligent make-up and placing of freight railroad cars; negligent inspection of freight railroad cars); <u>Sheppard v. Union Pacific Railroad Co.</u>, 357 F.Supp.2d. 1180 (E.D.Mo. 2005)(adequacy of warning devices installed at railway crossing and negligent training of train crew).

Upon review of the relevant FRSA preemption cases , the United States Supreme Court cases of <u>Merrill Dow</u>, *supra.* and <u>Grable</u>, *supra.,* and the applicable federal regulations, the Court makes the following determinations:

> 1) claim for failure to slow down or stop where a specific, individual hazard exists; i.e. a pedestrian on railroad tracks is **not** preempted;

> 2) claim for negligent operation of the train is preempted;

> 3) claim regarding failure to monitor audible warning devices is preempted;

> 4) claim regarding failure to monitor or install light warnings on the train is preempted; and

> 5) claim that UPR was aware of the dangerous situation created by the Octoberfest activities and "did not abate" is **not** preempted.

Thus, this Court retains federal question jurisdiction as to plaintiffs' claims regarding the adequacy of the illumination warning devices on the train; the alleged negligent operation of the subject train by the engineer; and the failure to monitor the audible warning devices. This leaves open the question of remand of the claims not preempted by the FSA. Since a significant number of the plaintiffs' claims are preempted and will remain under this Court's federal jurisdiction; instead of requiring the parties to litigate this unfortunate accident in two forums, the Court will exercise its supplemental jurisdiction and retain all of the remaining claims. In this respect, the Court joins with the <u>Gillenwater</u> Court in determining that the federal court, in this situation, is the preferred forum to litigate this matter. This Court is fully versed in Missouri law and is quite capable of applying Missouri law to those claims which are not federally preempted.

Given the Court's findings, the plaintiffs' motion to remand will be denied.

Dated this _  29th  _ day of September, 2006.

_____

SENIOR UNITED STATES DISTRICT JUDGE